**IN THE COURT OF APPEALS OF IOWA**

No. 20-0734
Filed July 22, 2020

**IN THE INTEREST OF G.H.,**
**Minor Child,**

**D.H., Father,**
 Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

The father appeals from the order terminating his parental rights to the child.

**AFFIRMED**.

Francis Hurley, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney General, for appellee State.

ConGarry Williams, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

The three-year-old child that is the subject of this proceeding tested positive for methamphetamine at birth. Due to the mother's methamphetamine use, the child was removed from her care. The child was placed in the father's care, in large part based on the father's denial of a substance-abuse history. Subsequent developments revealed the father's claimed lack of substance-abuse problems was false. Unfortunately, it took nearly two years to discover the father was regularly using methamphetamine while responsible for the child's care. When this discovery was made, the child was removed from the father's care.

Since removal, the father has consistently tested positive for methamphetamine, refused to undergo recommended substance-abuse treatment, had a no-contact order entered against him in favor of the mother due to domestic violence and stalking behavior, and missed multiple visits with the child. During this time, the mother made progress to the point the child was returned to her care.

After nearly one year of services being provided with no discernible progress being made by the father, a termination-of-parental-rights (TPR) petition was filed against the father only. The father failed to appear for the hearing in spite of having notice of it. Following the hearing, the juvenile court issued an order terminating the father's parental rights. The order included a lengthy recitation of the facts supporting the decision to terminate the father's rights.

The father appeals. He raises two issues. First, he asserts the record on appeal should include "transcripts of all hearings that resulted in the" TPR order.

Second, he asserts termination of his parental rights is not in the child's best interest.[1]

"We review proceedings terminating parental rights de novo." *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.*

The father's claim that the appellate record should include "transcripts of all hearings that resulted in the" TPR order fails for two reasons. First, he relies on Iowa Rule of Appellate Procedure 6.204, which applies to TPR and child-in-need-of-assistance (CINA) appeals. Under rule 6.204, the clerk of the district court must transmit the record to the clerk of the supreme court after the appellant files the notice of appeal. The father specifically cites to rule 6.204(1)(b), which defines the record to be transmitted as including "[a]ny transcript of a hearing or hearings resulting in the order from which an appeal has been taken." However, rule 6.204(1) only applies to CINA appeals. The record for this appeal of a TPR order is governed by rule 6.204(2). Under rule 6.204(2), the record only includes the TPR court file, exhibits received or judicially noticed in the TPR proceedings, and "[t]he transcript of the termination hearing." The record before us includes the CINA and TPR court files, the TPR exhibits, and a transcript of the TPR hearing.

---

[1] TPR proceedings involve a three-step analysis: (1) whether statutory grounds for termination have been established; (2) whether termination is in the child's best interest; and (3) whether any exceptions in Iowa Code section 232.116(3) (2019) apply to preclude termination. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016). The father does not raise an issue as to the statutory grounds for termination, so we do not discuss the first step of the analysis. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (stating we need not discuss any step the parent does not dispute).

Rule 6.204 provides no authority for either the juvenile court[2] or this court to order the inclusion of other transcripts in the record for this TPR appeal.

Second, while the father protests that additional transcripts were not included in the record, he does not identify to us the transcripts that he believes should have been included or how those transcripts would have any bearing on the issues in this appeal. Given the lack of argument of what transcripts are at issue or how he was harmed by not having the transcripts available, the father has waived this issue. *See, e.g.*, *State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (indicating a "passing reference" to an issue in a brief results in waiver of that issue).

As to the best-interest-of-the-child issue, the father argues that it is not in the child's best interest to terminate his parental rights based on a claimed bond between the child and him and because the child is in the mother's care.[3] We find both of these arguments unpersuasive. The father jeopardized the child's safety by using methamphetamine consistently while the child was in his care and by engaging in what the juvenile court accurately described as "an escalating pattern

---

[2] On May 11, after issuance of the TPR order, the father petitioned the juvenile court under rule 6.204(1)(b) to order the State to prepare eleven transcripts at its expense. The eleven transcripts are for hearings throughout the CINA and TPR proceedings, beginning with the March 2, 2017 removal hearing. The juvenile court granted the motion as to the TPR hearing but denied the motion as to all other transcripts, stating it "did not consider the transcripts from prior hearings."

[3] The father frames this issue as a challenge to the juvenile court's finding that termination is in the best interest of the child. However, his arguments regarding the claimed bond with the child and the mother having custody of the child are better analyzed as permissive factors precluding termination. *See* Iowa Code § 232.116(3)(a), (c). For the reasons stated, we find his arguments fail when considered as either arguments related to termination not being in the best interest of the child or as permissive factors precluding termination.

of stalking behavior" directed at the mother. He has refused to get help with his drug problem. He has become the subject of a no-contact order prohibiting him from having contact with the mother as a result of his abusive and stalking behavior. He repeatedly missed visits with the child and did not even bother to attend the termination hearing. After our de novo review, we agree with the juvenile court's decision to terminate the father's parental rights.

**AFFIRMED**.